ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **OSVALDO GONZÁLEZ PÉREZ Y OTROS**<br>DEMANDANTE(S)-PETICIONARIA(S)<br><br><br>V.<br><br><br>**LUZ ENEIDA RIVERA VELÁZQUEZ Y OTROS**<br>DEMANDADA(S)-RECURRIDA(S) | **TA2025CE00498** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **FAJARDO**<br><br>Caso Núm. **FA2023CV00948 (301)**<br><br>Sobre:<br>Impugnación o Nulidad de Testamento; Aceptación Renuncia, Remoción o Sustitución del Albacea, División o Liqui-dación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 18 de marzo de 2026.

Comparecen ante este Tribunal de Apelaciones, los señores **OSVALDO GONZÁLEZ PÉREZ, WILFREDO GONZÁLEZ PÉREZ, VIVIANA GONZÁLEZ PÉREZ, JANICE GONZÁLEZ GUADALUPE Y LEONOR GONZÁLEZ GUADALUPE (OSVALDO GONZÁLEZ PÉREZ Y OTROS)** mediante *Certiorari* incoado el 24 de septiembre de 2025. En su recurso, nos solicitan que revisemos la *Orden* prescrita el 8 de septiembre de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo.[1] Mediante la referida decisión, se declaró no ha lugar la *Moción en Solicitud de Orden en Cuanto a Descubrimiento de Prueba* presentada el 4

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 8 de septiembre de 2025. Apéndice del *Certiorari,* entrada núm. 97 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

de septiembre de 2025 por los señores **ALEXANDER RODRÍGUEZ RIVERA** y **JENNETTE MÉNDEZ RIVERA** (señores **RODRÍGUEZ-MÉNDEZ**).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 8 de noviembre de 2023, los señores **GONZÁLEZ PÉREZ Y OTROS** entablaron una *Demanda* sobre nulidad de testamento; remoción de albacea; impugnación de cesiones y donaciones en fraude de herederos; partición de herencia; y división de la comunidad de la sucesión del señor **OSVALDO GONZÁLEZ DURIEUX** contra la señora **LUZ ENEIDA RIVERA VELÁZQUEZ** (señora **RIVERA VELÁZQUEZ**).[2]

Ulteriormente, el 5 de febrero de 2024, la señora **RIVERA VELÁZQUEZ** presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas.[3] El 15 de febrero de 2024, los señores **GONZÁLEZ PÉREZ Y OTROS** cursaron un *Primer Pliego de Interrogatorio y Producción de Documentos* iniciando así el descubrimiento de prueba que incluyó interrogatorios, producción de documentos y deposiciones.[4] El 29 de febrero de 2024, se dictó *Orden* en la cual se pautó *Conferencia Inicial* para el 13 de junio de 2024 y se requirió el *Informe de Manejo de Caso*.[5]

El 20 de marzo de 2024, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Moción en Solicitud de Órdenes*, requiriendo la expedición de órdenes como parte del descubrimiento de prueba.[6] El 6 de mayo de 2024, la señora **RIVERA VELÁZQUEZ** notificó su *Contestación al Primer Pliego de*

---

[2] Apéndice del *Certiorari*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[3] Apéndice del *Certiorari*, entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[4] Apéndice del *Certiorari*, entrada núm. 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[5] Apéndice del *Certiorari*, entrada núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Posteriormente, la vista fue reseñalada para el 11 de junio de 2024. Apéndice del *Certiorari*, entrada núm. 30 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
Apéndice del *Certiorari*, entrada núm. 31 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

*Interrogatorio y Producción de Documentos*.[7] Acto seguido, el 21 de mayo de 2024, la señora **RIVERA VELÁZQUEZ** presentó *Moción Anejando Resolución de Cartas Testamentaria*.[8]

A la conferencia inicial, celebrada el 11 de junio de 2024, comparecieron las partes y se calendarizaron las fechas de las deposiciones; se anunció que, para el 31 de octubre de 2024, se debía finalizar el descubrimiento de prueba; y se pautó la Conferencia con Antelación al Juicio para el 11 de diciembre de 2024.[9]

Entonces, el 10 de diciembre de 2024, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Solicitud de Transferencia de Vista* explicando que el descubrimiento de prueba de ambas partes aún estaba pendiente.[10] Ese mismo día, se decidió *Orden* reseñalando la Conferencia con Antelación al Juicio para el 9 de mayo de 2025; se apercibió que no concederían más prórrogas; así como se impondrían sanciones a la parte que no estuviese preparada y se requirió el *Informe* para en o antes de 2 de mayo de 2025.[11]

Tiempo después, el 5 de febrero de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Moción en Solicitud de Órdenes* dirigidas a varias entidades.[12] Ese mismo día, el foro de instancia despachó las órdenes dirigidas al **HOSPITAL HIMA SAN PABLO FAJARDO**; **REYDER MEMORIAL HOSPITAL, INC.**; **HOSPITAL MENONITA HUMACAO, INC.**; **FAJARDO INTEGRATED MEDICAL CENTER LLC**; y **HOSPITAL AUXILIO MUTUO SAN PABLO**.[13] El 2 de mayo

---

[7] Apéndice del *Certiorari*, entrada núm. 38 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[8] Apéndice del *Certiorari*, entrada núm. 40 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[9] Apéndice del *Certiorari*, entrada núm. 47 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[10] Apéndice del *Certiorari*, entrada núm. 54 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[11] Apéndice del *Certiorari*, entrada núm. 55 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
Apéndice del *Certiorari*, entrada núm. 57 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[13] Apéndice del *Certiorari*, entradas núm. 58-59 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

de 2025, la señora **RIVERA VELÁZQUEZ** presentó *Moción Solicitando Relevo de Representación Legal*.[14]

Luego de varias incidencias procesales, innecesarias pormenorizar, el 4 de junio de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron una *Moción Solicitando Permiso para Enmendar la Demanda y en Solicitud para Emplazar por Edicto*.[15] En esencia, adujeron que durante el descubrimiento de prueba se identificaron transacciones de dinero concernientes al caudal privativo del señor **OSVALDO GONZÁLEZ DURIEUX** (causante). Manifestaron que dichas transacciones involucraban a la señora **RIVERA VELÁZQUEZ** y al menos dos (2) de sus hijos, el señor **ALEXANDER RODRÍGUEZ RIVERA** (señor **RODRÍGUEZ RIVERA**) y la señora **JENNETTE MÉNDEZ RIVERA** (señora **MÉNDEZ RIVERA**). Ante este cuadro, los señores **GONZÁLEZ PÉREZ Y OTROS** pidieron autorización para enmendar la *Demanda*. Argumentaron, además, que ambos hijos residían fuera de la jurisdicción de Puerto Rico, por lo que, suplicaron que se autorizara el emplazamiento por edicto. Al día siguiente, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Moción Solicitando Orden Autorizando Emplazamiento por Edicto Bajo la Regla 4.6 de las de Procedimiento Civil Vigentes* y *Solicitud de Término Adicional para Concluir el Descubrimiento de Prueba*.[16]

El 6 de junio de 2025, el tribunal formuló varias *Órdenes*, entre estas, autorizó la enmienda a la *Demanda*; concedió un término final de noventa (90) días para culminar el descubrimiento de prueba; autorizó emplazamiento por edicto; y expidió los *Emplazamiento por Edicto*.[17] El 27 de junio de 2025, se dispuso *Orden* pautando la Conferencia con Antelación al

---

[14] Apéndice del *Certiorari*, entrada núm. 60 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[15] Apéndice del *Certiorari*, entrada núm. 72 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). El documento estaba acompañado de la *Demanda Enmendada*.

[16] Apéndice del *Certiorari*, entradas núm. 73-74 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[17] Apéndice del *Certiorari*, entradas núm. 77-81 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Juicio para el 6 de noviembre de 2025, y hasta el 31 de octubre de 2025 para presentar el informe entre abogados.[18]

Más tarde, el 8 de agosto de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Moción Sometiendo Declaración Jurada Acreditativa de Publicación de Emplazamiento por Edicto; Acuses de Recibo y en Solicitud para la Anotación de Rebeldía de los Codemandados Jennette Méndez Rivera y Alexander Rodríguez Rivera*.[19] En la misma fecha, se decretó una *Resolución sobre Anotación de Rebeldía* en la cual le anotó la rebeldía a los señores **RODRÍGUEZ-MÉNDEZ**.[20]

El 19 de agosto de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron dos (2) escritos: *Moción Asumiendo Representación Legal* y *Moción al Amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil Solicitando Relevo de Anotación de Rebeldía a los Codemandados*.[21] En el segundo escrito, los señores **RODRÍGUEZ-MÉNDEZ** informaron que no recibieron el emplazamiento por edicto debido a que la dirección utilizada para notificar estaba incompleta. Además, dilucidaron que el pleito no se encontraba en una etapa procesal avanzada por lo que, era prudente el relevo de anotación de la rebeldía. Ese día, mediante *Resolución Interlocutoria* el foro de instancia dejó sin efecto la anotación de rebeldía y concedió un término de cinco (5) días para la contestación a demanda.[22] El 21 de agosto de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron su *Contestación a Demanda Enmendada*.[23]

El 3 de septiembre de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron *Moción en Solicitud de Órdenes*.[24] Por su parte, los señores

---

[18] Apéndice del *Certiorari*, entrada núm. 84 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[19] Apéndice del *Certiorari*, entrada núm. 85 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[20] Apéndice del *Certiorari*, entrada núm. 86 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[21] Apéndice del *Certiorari*, entradas núm. 87-88 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[22] Apéndice del *Certiorari*, entrada núm. 90 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[23] Apéndice del *Certiorari*, entrada núm. 91 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[24] Apéndice del *Certiorari*, entrada núm. 93 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

**RODRÍGUEZ-MÉNDEZ** presentaron *Moción en Oposición a Expedición de Órdenes*.[25] El 4 de septiembre de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron *Moción en Solicitud de Orden en Cuanto a Descubrimiento de Prueba* en la cual interpelaron cuarenta y cinco (45) días para completar el descubrimiento de prueba.[26] Así, el 8 de septiembre de 2025, se intimó una *Orden* recurrida.

Inconformes, el 9 de septiembre de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** presentaron una *Moción en Reconsideración de Orden de 8 de septiembre de 2025 Denegando Solicitud de Extensión de Término de Descubrimiento de Prueba (SUMAC 97).*[27] El 17 de septiembre de 2025, se prescribió *Resolución Interlocutoria* declarando no ha lugar el petitorio de reconsideración y determinando que el término de descubrimiento de prueba y las múltiples extensiones concedidas habían culminado.[28]

En desacuerdo, el 24 de septiembre de 2025, los señores **GONZÁLEZ PÉREZ Y OTROS** recurrieron ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el TPI al denegar la extensión y limitar el descubrimiento de prueba en cuanto a los nuevos codemandados Jennette Méndez Rivera y Alexander Rodríguez Rivera, quienes contestaron la demanda enmendada el 21 de agosto de 2025. A la fecha de la denegatoria 8 de septiembre, (SUMAC-97) y de la resolución interlocutoria 17 de septiembre, (SUMAC-102), no habían transcurrido ni 30 días desde dicha contestación (18 y 27 días, respectivamente).
>
> Erró el Tribunal de Primera Instancia al no conceder un nuevo término de descubrimiento de prueba tras la inclusión de dos nuevos demandados en el pleito. Conforme a la **Regla 37.1 de las Reglas de Procedimiento Civil,** correspondía al tribunal señalar una vista inicial de manejo de casos, de manera que los representantes legales de las partes pudieran calendarizar el descubrimiento de prueba respecto de los nuevos demandados. La omisión de dicho trámite procesal impidió a las partes desarrollar un plan de descubrimiento adecuado y ajustado a las nuevas circunstancias procesales, violando así los principios de razonabilidad, debido proceso de ley particularmente ante la **complejidad de las controversias pendientes en autos.**

---

[25] Apéndice del *Certiorari*, entrada núm. 95 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[26] Apéndice del *Certiorari*, entrada núm. 96 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[27] Apéndice del *Certiorari*, entrada núm. 100 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[28] Apéndice del *Certiorari*, entrada núm. 102 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

> Erró el TPI al no conceder el término del descubrimiento de prueba tomando en consideración la controversia toca capacidad/consentimiento del causante diagnosticado con Alzheimer desde 2015 y múltiples transacciones bancarias superiores a $500,000. Limitar el descubrimiento impide desarrollar adecuadamente peritajes médicos, financieros y prueba documental indispensable.

El 30 de septiembre de 2025, pronunciamos *Resolución* concediendo un término perentorio de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari*. El 8 de octubre de 2025, la señora **RIVERA VELÁZQUEZ Y OTROS** presentaron su *Posición de la Parte Demandada-Recurrida a la Expedición del Auto de Certiorari*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[29] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[30]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[31] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[32]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas

---

[29] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).

[30] *Íd.*

[31] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

[32] *Íd.*

en la Regla 52.1 de las de Procedimiento Civil de 2009.[33] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[34] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[35] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[36]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[37]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[38] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

---

[33] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[34] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[35] 32 LPRA Ap. V., R. 52.1.
[36] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[37] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[38] *Íd.*

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[39]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[40] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[41] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[42] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[43]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[44] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[45]

### - B – *DESCUBRIMIENTO DE PRUEBA*

Nuestro Máximo Foro reiteradamente a denotado que el propósito del *descubrimiento de prueba* es: (1) delimitar las controversias; (2) facilitar la

---

[39] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez*, *supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[40] *García v. Padró*, 165 DPR 324, 335 (2005), n. 15.
[41] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[42] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[43] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra*.
[44] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).
[45] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad; y (5) perpetuar la prueba.[46] Así pues, el alcance del *descubrimiento de prueba* es amplio y liberal.[47] Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del *descubrimiento de prueba*, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio.[48] "[E]vitando, al mismo tiempo, que se cometan injusticias cuando las partes desconocen sobre situaciones pertinentes a las controversias.[49]

Ahora bien, eso de ninguna manera significa o se traduce en que el *descubrimiento de prueba* sea una carta en blanco para utilizarse indiscriminadamente para hostigar y perturbar a una parte.[50] Es ahí cuando el tribunal de instancia, en el ejercicio de su sana discreción, puede limitar el alcance y los mecanismos a utilizarse, ya que su obligación es garantizar una solución justa, rápida y económica del caso, sin que ello constituya alguna ventaja para cualquiera de las partes en el pleito.[51]

Igualmente, el Tribunal Supremo ha precisado que los foros apelativos "[n]o [ha] de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, *excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo*".[52]

Dicho criterio de revisión aplica a la intervención de los tribunales apelativos en cuanto a las determinaciones interlocutorias de los foros de instancia.[53] Es por ello, que *al momento de ejercer su discreción de extender o*

---

[46] *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Torres González v. Zaragoza Meléndez*, *supra*. Véase Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334.

[47] *Rivera Gómez v. Arcos Dorados*, *supra*; *Alvarado v. Alemany*, 157 DPR 672 (2002); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000).

[48] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).

[49] *Rivera y otros v. Bco. Popular*, *supra*.

[50] *Torres González v. Zaragoza Meléndez*, *supra*; *Cruz Flores et al., v. Hosp. Ryder et al.*, 210 DPR 465 (2022).

[51] *Íd.*

[52] *McNeil Healthcare v. Mun. Las Piedras II*, *supra*, pág. 672. (Énfasis suplido).

[53] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 16; *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

*acortar el término para efectuar el descubrimiento de prueba, el tribunal deberá hacer un balance entre dos (2) intereses importantes para el adecuado desenvolvimiento de la labor de impartir justicia a través del sistema judicial.*[54] Así, por una parte, el foro de instancia deberá garantizar la pronta solución de las controversias, y por otra, deberá velar que las partes tengan la oportunidad de realizar un amplio *descubrimiento de prueba* para que en la audiencia o juicio en su fondo no surjan sorpresas.[55] Por ello, *"las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea"*.[56]

- III –

Sustancialmente, los señores **GONZÁLEZ PÉREZ Y OTROS** apuntalaron que el foro primario erró al denegar la extensión y limitar el descubrimiento de prueba en cuanto a los señores **RODRÍGUEZ-MÉNDEZ** quienes presentaron su *Contestación a la Demanda Enmendada* el 21 de agosto de 2025; al no conceder un nuevo término de descubrimiento de prueba tras la inclusión de dos (2) nuevos demandados dado que conforme a las Reglas de Procedimiento Civil, el foro primario debió señalar una vista inicial de manejo de caso para permitir que las representaciones legales de las partes pudiesen calendarizar el descubrimiento; y al no conceder el término de descubrimiento de prueba tomando en consideración las controversias del caso.

Por su parte, la señora **RIVERA VELÁZQUEZ Y OTROS** coinciden parcialmente con los señores **GONZÁLEZ PÉREZ Y OTROS** en cuanto a que el tribunal de instancia debió ejercer su discreción para permitir un descubrimiento de prueba más amplio y efectivo, así como para promover el mayor intercambio de información posible entre todas las partes para sostener sus respectivas teorías ante las complejas controversias. Replican

---

[54] *Torres González v. Zaragoza Meléndez, supra; Machado Maldonado v. Barranco Colón,* 119 DPR 563, 565–566 (1987). (Énfasis suplido).
[55] *Íd.*
[56] *Rivera y otros v. Bco. Popular, supra,* pág. 152.

que el descubrimiento de prueba no es un trámite meramente técnico, sino un instrumento esencial de la justicia para la búsqueda de la verdad y propiciar la adjudicación en sus méritos.

Como cuestión de umbral, ante el hecho de que este recurso es un *Certiorari*, debemos determinar si procede o no su expedición. Es sabido que un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción (manejo de sala) de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

Por estar íntimamente relacionados, discutiremos en conjuntos los errores. Al considerar las circunstancias del caso: (i) el 19 de agosto de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron una *Moción al Amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil Solicitando Relevo de Anotación de Rebeldía a los Codemandados*; (ii) en la misma fecha, el tribunal dejó sin efecto la anotación de rebeldía a los señores **RODRÍGUEZ-MÉNDEZ** y les concedió un plazo de cinco (5) días; (iii) el 25 de agosto de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron su *Contestación a Demanda Enmendada*; (iv) el 4 de septiembre de 2025, los señores **RODRÍGUEZ-MÉNDEZ** presentaron *Moción en Solicitud de Orden en Cuanto al Descubrimiento de Prueba;* y (v) el 8 de septiembre de 2025, el tribunal recurrido declaró no ha lugar la petición de extender el intervalo de descubrimiento de prueba. Es preciso mencionar, que entre la *Contestación a la Demanda Enmendada* presentada el 21 de agosto de 2025 y la *Orden* despachada el 8 de septiembre de 2025 solo habían transcurrido unos quince (15) días.

Colegimos que los señores **GONZÁLEZ PÉREZ Y OTROS** han demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad e incurrió en error manifiesto. Sus planteamientos nos mueven para inmiscuirnos en el manejo del caso y en la discreción del(de la) juez quien presidió la sala y

determinó que no procedía la extensión al termino de descubrimiento de prueba. Esto es, ante el hecho de que se levantó la anotación de rebeldía y se autorizó la inclusión de los señores **RODRÍGUEZ-MÉNDEZ** como parte en el pleito, se debió autorizar una breve extensión al tiempo de descubrimiento de prueba. Ello con el propósito de evitar que afloren sorpresas en la audiencia o juicio en su fondo. Solo así se cumpliría con las Reglas de Procedimiento Civil de 2009. Por tanto, hallamos que se incidió en los errores señalados.

- **IV** –

Por los fundamentos antes expuestos, ***expedimos*** el auto de *Certiorari* a los fines de ***revocar*** la *Orden* dictaminada el 17 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo; y ***requerimos*** que se otorgue un breve período para efectuar el descubrimiento de prueba. Se devuelve el caso al foro recurrido para que continúe con los procedimientos de conformidad con lo aquí resuelto.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin tener que esperar por el recibo de nuestro mandato.[57]

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[57] La Regla 35 (A)(1) instituye: "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." Véase la Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 58-59, 216 DPR ____ (2025).